IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:08CR345 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| LAZARO MEDINA-AYON, ) | **OF FORFEITURE** |
| SERGIO PENA-ZAVALA, ) | |
| ) | |
| Defendants. ) | |

NOW ON THIS 2nd day of November, 2010, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant, Sergio Pena-Zavala, entered into a Plea Agreement whereby he agreed to enter pleas of guilty to Counts IV, V, VIII and IX of the Indictment filed herein. The Defendant, Lazaro Medina-Ayon, entered into a Plea Agreement whereby he agreed to enter pleas of guilty to Counts I, V, VIII and IX of the Indictment filed herein. Count I charges the Defendant, Lazaro Medina-Ayon, with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. Count IV charges the Defendant, Sergio Pena-Zavala, with one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. Count V charges the Defendants, Lazaro Medina-Ayon and Sergio Pena-Zavala, with one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Count IX of said Indictment sought the forfeiture, pursuant to 21 U.S.C., § 853, of $430.00, $86.00 and $1,230.00 in United States currency on the basis they were used or were intended to be used to facilitate said controlled substance violation and/or were derived from proceeds obtained directly or indirectly as

a result of the commission of said controlled substance violation. Count VIII of said Indictment sought the forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a .38 caliber Smith & Wesson revolver, serial number 7D03641, a Ruger 9mm firearm, serial number 30766854, and a .380 Derringer handgun, serial number 45116, on the basis they were firearms involved or used in the knowing commission of the offense charged in Count V.

2. By virtue of said pleas of guilty, the Defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C., § 853.

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon Counts VIII and IX of the Indictment and the Defendants' pleas of guilty, the United States is hereby authorized to seize the following-described properties: $430.00, $86.00 and $1,230.00 in United States currency, a .38 caliber Smith & Wesson revolver, serial number 7D03641, a Ruger 9mm firearm, serial number 30766854, and a .380 Derringer handgun, serial number 45116.

C. The Defendants' interest in the above-described properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official internet government forfeiture site www.forfeiture.gov notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendants, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

DATED this 2nd day of November, 2010.

**BY THE COURT:**

s/ Joseph F. Bataillon
**JOSEPH F. BATAILLON, CHIEF JUDGE**
**United States District Court**