IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LAZARO MEDINA-AYON,<br><br>　　　　　　Defendant. | 8:08CR345<br><br>MEMORANDUM AND ORDER |

　　　This matter is before the court on the defendant's "motion to appoint attorney for eligibility under Supreme Court decision in *Johnson v. United States*," Filing No. 123, construed as a motion to vacate under 28 U.S.C. § 2255, *see* Filing No. 126, and on counsel's motion to withdraw, Filing No. 127.  The defendant seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another" as unconstitutionally vague in violation of due process of law.  *Id.* at 2557.

　　　The record shows that the defendant, pursuant to a plea agreement, was sentenced to a ten-year mandatory minimum sentence on a drug trafficking charge (Count I) and to a consecutive sentence of 60 months for carrying a firearm in connection with a drug trafficking offense under 18 U.S.C. § 924 (Count V), resulting in a 180 month sentence. Filing No. 74, Judgment.  No prior conviction was used to enhance the defendant's sentence and the defendant received the statutory mandatory minimum sentence.  *See* Filing No. 72, Presentence Investigation Report at 13.

Medina-Ayon's sentence was not based on the residual clause of the ACCA, or the arguable equivalent "crime of violence" clause of 18 U.S.C. § 924(c)(1)(A)(i).[1]  Instead, Medina-Ayon's sentence was the result of his drug conviction with a mandatory minimum sentence of 120 months incarceration based on quantity, and a conviction for possessing a firearm in relation to a drug trafficking offense.  No definitions for "crimes of violence" were implicated and no prior conviction was used to enhance the defendant's sentence.  Therefore, the *Johnson* decision is inapplicable, here, and Medina-Ayon's claim fails.  The court finds it appears plainly from the face of the motion and the record that Medina-Ayon is not entitled to relief, and his motion is subject to dismissal under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Counsel has shown that there are no non-frivolous claims for relief pursuant the *Johnson* decision and the court finds counsel should be allowed to withdraw.  Further, there appears to be no need for a hearing and the hearing previously scheduled herein will be cancelled.

Medina-Ayon must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case.  See *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Moreover, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to

---

[1] That statute provides a consecutive 5 year term of imprisonment for any person who "during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A)(i).  For purposes of that provision, "crime of violence" means an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court finds Medina-Ayon's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c).  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).  Accordingly, no certificate of appealability pursuant to 28 U.S.C. § 2253(c) will issue.  Should Medina-Ayon wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit.  *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

Accordingly,

IT IS HEREBY ORDERED that:

1. The defendant's motion to vacate (Filing No. 123) is denied.

2. Counsel's motion to withdraw (Filing No. 127) is granted.

3. The hearing scheduled for October 3, 2016 at 11:00 a.m. in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, NE is cancelled.

4. This action is dismissed.

5. A judgment in conformity with the Memorandum and Order will issue this date.

6. No certificate of appealability pursuant to 28 U.S.C. § 2253(c) will issue.

DATED this 5th day of July, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge