IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:08CR345 |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| LAZARO MEDINA-AYON, | |
| Defendant. | |

This matter is before the court on defendant Lazaro Medina-Ayon's purported motion for a downward departure, Filing No. 130. In his *pro se* motion, Medina-Ayon seeks a two level downward departure from his base offense level due to his status as deportable alien, arguing that he is prevented from benefiting from certain Bureau of Prisons programs (i.e., a community treatment center, halfway house, or work release) due to his status as an alien. He argues that otherwise similarly situated United States citizens are treated differently, in violation of the Equal Protection Clause of the Fourteenth Amendment.

The court construes the defendant's pleading liberally, as he is proceeding *pro se*. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even when liberally construed, however, the court finds it lacks the authority to modify Medina-Ayon's sentence. Under 18 U.S.C. § 3582(c)(2) a court is allowed to modify a sentence only if the defendant was sentenced according to a sentencing range that was later reduced by the Sentencing Commission pursuant to § 994(o). That scenario is not consistent with the facts of Medina-Ayon's case. Further, § 3582(c)(1) allows the court to modify a sentence only upon a motion of the Director of the Bureau of Prisons (BOP), which is again not the

case here. Section 3553 pertains to the initial imposition of a sentence, and does not empower a court to later reduce a sentence.

Similarly, the court does not have the power to grant Medina-Ayon's motion even when considering the broader range of relevant rules and laws. As discussed below, Medina-Ayon has not stated a claim for a violation of his constitutional rights or of federal law, and as such has not invoked 28 U.S.C. §§ 2241 or 2255. Even if the court were to construe the motion as a habeas corpus petition arising under one of those provisions, the motion would have to be denied on the merits.

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court would have to perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rules provide that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief," the court must dismiss the motion. *Id.* Further, unless the record "conclusively shows" that he is not entitled to relief, Medina-Ayon would be entitled to an evidentiary hearing on his § 2255 motion. *See United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005). For the reasons discussed below, the court would find that it plainly appears, and the record conclusively shows, that Medina-Ayon is not entitled to relief.

Also, it appears that Medina-Ayon's habeas corpus petition would be untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005). Generally, that year begins to run from "the date on which the judgment of conviction

becomes final." 28 U.S.C. § 2255 (f)(1). When a defendant does not file an appeal, his conviction becomes final when the period in which to file an appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 (8th Cir. 2008). In a criminal case, a notice of appeal must be filed within 14 days of the entry of judgment or of the filing of the government's notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i) & (ii). The record shows that judgment was entered against Medina-Ayon on June 18, 2009. Filing No. 74. He filed a notice of appeal on October 7, 2010. Filing No. 84. The appeal was dismissed as untimely. Filing No. 93 and Filing No. 96.

Further, the record shows that Medina-Ayon waived his rights to challenge his sentence in his plea agreement. The defendant was sentenced to a ten-year mandatory minimum sentence on a drug trafficking charge and to a consecutive five-year mandatory minimum sentence for carrying a firearm in connection with the drug trafficking offense pursuant to a plea agreement that contained a waiver of his rights to appeal or otherwise challenge his conviction or sentence. Filing No. 62, Plea Agreement at 6. The record also shows that Medina-Ayon did not move for any downward departures before he was sentenced. Filing No. 75, Statement of Reasons (sealed).

Medina-Ayon does not argue that the waivers in his plea agreement are invalid or should not be enforced. The United States Court of Appeals for the Eighth Circuit allows criminal defendants to waive their appellate and post-conviction rights. *See United States v. Andis*, 333 F.3d 886, 887 n. 2 (8th Cir.2003) (*en banc*). The Supreme Court of the United States has stated that allowing "indiscriminate hearings in federal post-conviction proceedings . . . for federal prisoners under 28 U.S.C. § 2255 . . . would

3

eliminate the chief virtues of the plea system speed, economy, and finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). Although there are narrow exceptions to the enforceability of such waivers, *see Andis*, 333 F.3d at 891-92, none appear to be at issue here.

Even if he had not waived his rights to challenge his sentence, Medina-Ayon's argument that he is entitled to a downward departure based on the "collateral consequences" of his status as a deportable alien is foreclosed by the Eighth Circuit Court of Appeals' decisions in *United States v. Rodriguez*, 29 Fed. Appx. 406, 407 (8th Cir. 2002); *United States v. Lopez–Salas*, 266 F.3d 842 (8th Cir. 2001) (holding that the collateral consequences flowing from the fact of being a deportable alien are not generally sufficient to justify a departure from the sentencing guidelines absent a showing of some additional facts concerning the defendant's individual circumstances that make the particular case atypical or unusual). Moreover, a Guidelines departure is not relevant to Medina-Ayon's case since he was not sentenced under the Guidelines, but received statutory mandatory minimum consecutive sentences.

Also, the court finds on the merits that Medina-Ayon does not present any claim on which the court could grant a sentence reduction. Section 2255 movants may collaterally attack their sentences on four recognized grounds for relief: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of that authorized by law, and (4) the sentence is otherwise subject to collateral review. 28 U.S.C. § 2255(a); Rule 1, 28 U.S.C. foll. § 2255, (Rules Governing § 2255 Proceedings for the United States District Courts). Medina-Ayon appears to assert his

4

motion under the first of these, stating that his sentence violated equal protection constitutional guarantees.

Medina-Ayon's limited argument demonstrates that he is not challenging the sentence itself, but rather its execution—disqualification from certain placements and programs. Such claims are not properly raised under § 2255; but they may be raised under 28 U.S.C. § 2241. *United States v. Tamayo*, 162 Fed. Appx. 813, 815 (10th Cir. 2006) (confirming that "collateral consequences of deportable alien status . . . do not provide grounds for a downward departure of a defendant's sentence" under § 2255, but stating that such claims may be properly brought under § 2241 because they challenge the execution of a sentence).[1]

This court, however, would not have jurisdiction over such a motion. Section 2241 motions must be filed in either the district in which a prisoner is incarcerated, in the District of Washington, D.C., or in any district in which the Bureau of Prisons maintains a regional office. *McCoy v. United States Bd. of Parole*, 537 F.2d 962, 964, 965-67 (8th Cir.1976). Medina-Ayon is incarcerated in Mississippi and the Bureau of Prisons does not maintain a regional office in this district. *See* Federal Bureau of Prisons website, https://www.bop.gov/locations/list.jsp (last accessed May 19, 2017).

Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, which requires a court to transfer such an action if the transfer is in the interest of justice." 28 U.S.C. § 1631; *see Tamayo*, 162 Fed. Appx. at 815. "However, 'a court is authorized to consider the

---

[1] Courts may not alter sentences on § 2241 motions unless the arguments raised are first administratively exhausted by raising them with the Bureau of Prisons. *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000). There is no indication that Medina-Ayon has done so.

5

consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed.'" *Id.* at 815-16 (quoting *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (internal quotations omitted). The court's consideration of the merits leads to the finding that Medina-Ayon's request for relief is unavailing.

Even if the court could consider the motion under § 2241, such a motion would have to be denied. An equal protection claim based on the argument that status as a deportable alien causes a defendant to serve his sentence under circumstances more severe than those facing citizens of the United States does not provide the basis for an equal protection claim. *See Tamayo*, 162 Fed. Appx. at 816 (finding that denying deportable aliens the opportunity to participate in certain pre-release programs does not violate equal protection). "[T]here is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement." *Id.*

Medina-Ayon sets forth no other basis on which the court could modify his sentence. *See generally* 18 U.S.C. § 3582(c) (providing that district courts may modify terms of imprisonment only in certain circumstances, which are not present in this case). He has already been denied relief in earlier motions to vacate, set aside or correct his sentence. See Filing Nos. 112, 114, 128. Accordingly, the court finds the defendant's motion for a downward departure should be denied.

To the extent that the motion could be construed to fall under 28 U.S.C. § 2255, the court finds no certificate of appealability should be issued. Medina-Ayon would be entitled to a certificate of appealability only on a substantial showing of the denial of a constitutional right, debatable among reasonable jurists. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Medina-Ayon makes no such showing. Therefore, no certificate of appealability will be issued.

IT IS ORDERED:

1. The defendant's motion for a downward departure (Filing No. 130) is denied.

2. No certificate of appealability will be issued.

Dated this 23rd day of May, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge